UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN COOKS, EMMA BRADLEY, GAYLA FENNOY, AND CHRISTOPHER MARCH on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>THE HERTZ CORPORATION,<br>　　　　　　　　Defendant. | CASE NO.: 15-652-NJR-PMF<br><br>Judge Nancy J. Rosenstengel<br><br>Magistrate Judge Philip M. Frazier |

**MOTION OF THE HERTZ CORPORATION TO STAY DISCOVERY PENDING THE COURT'S DISPOSITION OF THE HERTZ CORPORATION'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS**

Defendant The Hertz Corporation ("Hertz") respectfully requests that this Court enter an order staying discovery pending resolution of Hertz's motion to compel the arbitration of the claims of Dawn Cooks and motion to dismiss the claims of all Plaintiffs under Federal Rules of Civil Procedure 9(b) and 12(b)(6). <u>First</u>, as described in Hertz's motions, Plaintiff Cooks's claims are subject to a binding arbitration agreement, and Plaintiffs have offered no compelling reason why that agreement should not be enforced. The arbitrability of Cooks's claims, and whether arbitrability is to be decided by this Court or an arbitrator, is a threshold issue that must be decided before litigation and discovery can proceed. It is mandatory under the Federal Arbitration Act ("FAA") and Supreme Court precedent that trial proceedings, including discovery, be stayed pending arbitration, and therefore this threshold issue must be decided before litigation of Plaintiff Cooks's claims in this forum can continue.

<u>Second</u>, courts regularly find that a stay of discovery is appropriate to prevent plaintiffs who allege fraud from improperly using discovery to cure pleading failures under the heightened pleading requirements of Rule 9(b). Plaintiffs' two successive complaints in this case fail to meet the standards of Rule 9(b) because they do not identify a single deceptive claim to which

they were exposed and fail to allege the required and specific "who, what, when, where, and how" facts necessary to support their claims. Plaintiffs must cure those defects before discovery can proceed and should not be permitted to go on a fishing expedition in an effort to shore up their deficient claims.

Third, as a general rule, facial challenges to the legal sufficiency of a claim in a motion to dismiss for failure to state a claim under Rule 12(b)(6) should be resolved before discovery begins. Hertz has moved to dismiss Plaintiffs' claims for the reasons described above and also under Rule 12(b)(6) on the grounds that Hertz fully disclosed the existence and amount of the challenged fees and that those fees, therefore, are not deceptive as a matter of law. Because these issues can be resolved as a matter of law, the Court should stay discovery to avoid undue burden and unnecessary costs.

## BACKGROUND

This case commenced on May 1, 2015 when Plaintiffs Cooks and Bradley filed a complaint against Hertz in the Circuit Court in the Twentieth Judicial Circuit of St. Clair County, Illinois, Law Division. Plaintiffs' original complaint alleged that Cooks and Bradley each rented a car from Hertz on at least one occasion and that each was charged an Energy Surcharge and a Vehicle Licensing Cost Recovery Fee ("VLCRF"). (ECF No. 1 at Ex. A, ¶¶ 18, 20.) Plaintiffs purport to represent classes of all consumers who rented cars from Hertz in Illinois and Missouri during the past several years who paid similar charges. (ECF No. 23 at ¶ 136.) Plaintiffs asserted the specific dates that Cooks allegedly rented from Hertz, but with respect to Bradley, Plaintiffs only alleged that Bradley rented a vehicle from Hertz "at various times in 2010 through Christmas of that year." (*Id.* at ¶ 19.)

On June 10, 2015, Hertz timely removed the complaint to this Court (ECF No. 1), and on July 15, 2015, Hertz filed a Combined Motion to Compel Arbitration of the Claims of Dawn

Cooks and to Dismiss or in the Alternative to Transfer Venue as to the Claims of Emma Bradley. (ECF No. 19.) In its motion, Hertz showed that Plaintiff Cooks's claims must be brought in arbitration, per her signed rental agreement (*Id.* at 5-9), and that the claims of Plaintiff Bradley were legally insufficient under Federal Rule of Civil Procedure 9(b) because the complaint failed to provide the required "who, what, when, where, and how" to support her fraud allegations. (*Id.* at 9-11.) Hertz also argued that the challenged fees—the existence and amount of which are fully disclosed to customers—could not be deceptive as a matter of law and therefore Plaintiffs' claims failed under Rule 12(b)(6). (*Id.* at 11-12.) Plaintiffs did not respond to Hertz's motion, but instead—on August 6, 2015—filed an Amended Complaint. (ECF No. 23.) Plaintiffs' Amended Complaint added two new named plaintiffs, Fennoy and March, and alleged that each rented a car from Hertz, "during the [three and/or five] years preceding the filing of this Amended Complaint." (*Id.* at 5.) Plaintiffs provided no other details regarding the "who, what, when, where, and how" of these new rentals. Plaintiffs' Amended Complaint also added broad allegations regarding the enforceability of the arbitration provision and class action waiver in Hertz's rental contracts. (*Id.* at 38-48.)

On August 19, 2015, Hertz filed (1) a Motion to Compel Arbitration of the Claims of Dawn Cooks ("Motion to Compel Arbitration") (ECF No. 24); and (2) a Motion to Dismiss the Claims of Plaintiffs Bradley, Fennoy, and March for Failure to Meet the Heightened Pleading Requirements of Rule 9(b) and to Dismiss the Claims of All Plaintiffs for Failure to State a Claim Under Rule 12(b)(6) ("Motion to Dismiss"). (ECF No. 25.) In the Motion to Compel Arbitration, Hertz demonstrated that the claims of Plaintiff Cooks are subject to binding arbitration. (ECF No. 24.) In the Motion to Dismiss, Hertz demonstrated that plaintiffs Bradley, Fennoy, and March failed to provide the required information under Rule 9(b) "regarding the dates, circumstances, and substance of the purported misrepresentations to which they were

3

exposed" to support their claims under the ICFA and the MMPA and to allow Hertz to defend itself. (*Id.* at 5-10.) Hertz also argued that no Plaintiff could state a claim for fraud under Rule 12(b)(6) based on a fee that they admitted was fully disclosed to them at the times of their alleged rentals. (*Id*. at 10-14.) Those motions are fully briefed and are currently pending before the Court. (ECF Nos. 24-25, 28-29, 31-32.)

On November 30, 2015, the Court assigned the case to a CJRA Track (ECF No. 37)[1] and issued a Notice of a Scheduling and Discovery Conference to be held on January 12, 2016. (ECF No. 43.) At that conference, Hertz requested that discovery be stayed pending resolution of the Motion to Compel Arbitration and Motion to Dismiss. Magistrate Judge Philip M. Frazier ordered Hertz to file this motion to stay discovery by January 19, 2016 and further ordered that discovery be stayed pending ruling on the instant motion. (ECF No. 44.)

## ARGUMENT

A stay of discovery is warranted in this case because Hertz's Motion to Compel Arbitration and Motion to Dismiss raise threshold and dispositive issues that would obviate the need for discovery or any further proceedings in this case. <u>First</u>, under the FAA and binding precedent from the Supreme Court and the Seventh Circuit, discovery should be stayed pending resolution of Hertz's Motion to Compel Arbitration of the claims of Plaintiff Cooks. <u>Second</u>, discovery should not be permitted while Hertz's Motion to Dismiss Under Rule 9(b) is pending because it is improper to allow Plaintiffs to use discovery to attempt to cure the pleading defects in their Amended Complaint. <u>Third</u>, it is in the interest of judicial economy to stay discovery pending the outcome of Hertz's dispositive Motion to Dismiss Under Rule 12(b)(6) because

---

[1] The case was initially assigned to Track C but has since been reassigned to Track D. (ECF Nos. 40, 41.)

proceeding with discovery would cause undue burden and expense to Hertz, while staying discovery would not prejudice Plaintiffs.

## I. Whether Plaintiff Cooks's Claims Are Subject To Arbitration Is A Threshold Issue That Must Be Decided Before Discovery.

Hertz's Motion to Compel Arbitration of the Claims of Plaintiff Cooks must be decided before discovery in this case may proceed. The FAA provides that upon application for arbitration, the court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the [arbitration] agreement" 9 U.S.C. § 3. This includes a stay of discovery. *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 415 (7th Cir. 2014). The Supreme Court has recognized that this provision is mandatory. *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). The Seventh Circuit has recognized that "refusal to stay discovery on the merits . . . until the issue of arbitrability is resolved puts the cart before the horse. If a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators—indeed, for the sake of economy and in contrast to the practice in adjudication, parties to an arbitration do not conduct discovery; the arbitrators do." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (citing Section 7 of the FAA and collecting cases).

As Hertz demonstrated in its Motion to Compel Arbitration, Plaintiff Cooks's claims are clearly subject to a binding arbitration agreement. Cooks's signed rental agreement with Hertz provides that "ANY DISPUTES BETWEEN US MUST BE RESOLVED ONLY BY ARBITRATION OR IN A SMALL CLAIMS COURT ON AN INDIVIDUAL BASIS; CLASS ARBITRATIONS AND CLASS ACTIONS ARE NOT ALLOWED." (ECF No. 24 at 3.) Hertz also demonstrated that the provision is clear, conspicuous, valid, and enforceable. (*Id.* at 6-8.) Because Hertz has moved the Court to compel arbitration of Cooks's claims, discovery should be

5

stayed pending the resolution of arbitration.  9 U.S.C. § 3;  *see also McMahon*, 482 U.S. at 226; *Kaiser*, 294 F.3d at 855.

Even if the Court denies Hertz's Motion to Compel Arbitration of the claims of Plaintiff Cooks, that decision is immediately appealable, and discovery must be stayed during the pendency of the appeal.  "Section 16 of the Federal Arbitration Act . . . [created an] approach under which anti-arbitration decisions are immediately appealable." *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997).  Once an appeal is taken "the judge should put a hold on discovery until the appeals have been resolved." *Id.* at 506-07.  Thus, regardless of whether the Court grants Hertz's Motion to Compel Arbitration, a stay of discovery is proper until the issue is wholly resolved.[2]

## II. Plaintiffs Cannot Use Discovery To Cure Their Pleading Defects Under Rule 9(b).

Even apart from the mandatory stay required by the arbitration provision, discovery should also be stayed because Plaintiffs may not use discovery to attempt to cure their pleading deficiencies under Rule 9(b).  As set forth in Hertz's Motion to Dismiss, Plaintiffs are alleging claims under the ICFA or the MMPA and therefore must state the circumstances constituting fraud (*e.g.*, who, what, when, where, and how) with particularity. *See, e.g.*, *Budach v. NIBCO, Inc.*, 2015 WL 3853298, at *6 (W.D. Mo. June 22, 2015); *O'Brien v. Landers*, 2011 WL 221865,

---

[2] Moreover, all Plaintiffs have generally placed at issue the enforceability of the arbitration provision in the Amended Complaint. (See ECF 23, Am. Compl. ¶¶ 107-34.)  All Hertz rental agreements with customers have contained the same arbitration provision since at least as early as the beginning of 2014. (ECF No. 24 at Ex. 1, ¶¶3, 4.)  That arbitration provision is included in all customers' rental agreements regardless of the type or location of the rental.  As detailed in the Motion to Dismiss, Plaintiffs here, other than Cooks, have failed to plead sufficient information for Hertz to determine which specific rental transactions allegedly are at issue and whether their alleged rentals are subject to the arbitration provision.  Hertz has reserved the right to compel arbitration of the claims of the other named Plaintiffs should those Plaintiffs eventually plead sufficient specific information to allow Hertz to determine the applicability of the arbitration provision to their claims.

at *4 (N.D. Ill. Jan. 24, 2011). Despite Plaintiffs' apparent arguments to the contrary, the burden to provide the specific details required by Rule 9(b) is on the plaintiff, not the defendant. *See Int'l. Star Registry of Illinois v. ABC Radio Network, Inc.*, 451 F. Supp. 2d 982, 989 (N.D. Ill. 2006) ("[Plaintiff] also argues that '[s]urely [Defendant] is aware of those exact dates upon which [Plaintiff] contracted for services each year.' As a party to the contract, [Plaintiff] must also be aware of the exact dates, and Rule 9(b) requires [Plaintiff], not [Defendant], to plead with particularity.")

Courts thus regularly stay discovery when a plaintiff's complaint lacks the necessary detail to pass muster under Rule 9(b) so as to prevent plaintiffs from using discovery to circumvent the very purpose of Rule 9(b). *See U.S. ex rel. Liotine v. CDW-Gov't, Inc.*, 2009 WL 720958, at *2 (S.D. Ill. Mar. 18, 2009) (finding that "discovery should be stayed where defendant moves to dismiss for failure to plead fraud with sufficient specificity"); *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 2007 WL 4557773, at *8 (S.D. Ind. Dec. 20, 2007) (maintaining stay of discovery and requiring plaintiff to cure Rule 9(b) pleading deficiencies without access to defendant's files); *see also U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia*, 755 F. Supp. 1040, 1051 (S.D. Ga. 1990) (prohibiting plaintiff from engaging in discovery to comply with heightened pleading obligations under Rule 9(b)).

Indeed, the Seventh Circuit has made clear that the purpose "of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint" because "public charges of fraud can do great harm to the reputation of a business." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172, F.3d 467, 469 (7th Cir. 1999). Plaintiffs without information to support their claims may not resort to the discovery process in order to bolster vague and conclusory allegations. *See Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327 (7th Cir. 1994) (holding one of the main purposes of Rule 9(b) is to guard against discovery

"fishing expeditions"); *see also Int'l Star Registry of Ill.*, 451 F. Supp. 2d at 987-88 (stating that a purpose of Rule 9(b) is "minimizing . . . fishing expeditions" and that "conclusory assertions or generalized statements instead of the required particularity are insufficient when fraud constitutes the gravamen of a claim") (citation omitted).[3] Plaintiffs may not "learn the complaint's bare essentials through discovery" while also "needlessly harm[ing] a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements." *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1314 n. 24 (11th Cir. 2002).

As shown in Hertz's Motion to Dismiss, Plaintiffs' Amended Complaint fails to meet the standards of Rule 9(b). Indeed, the Amended Complaint does not allege *a single deceptive statement* received by Plaintiffs, nor does it identify the circumstances, the "who, what, when, where, and how," surrounding *any alleged deceptive act* to which Plaintiffs were exposed. Instead, Plaintiffs seem to believe it is enough to quote from statements that supposedly appeared on Hertz's website at the time Plaintiffs filed their complaint, without alleging any Plaintiff ever saw or relied on any such statements at the time of their alleged rentals. Plaintiffs Bradley, March, and Fennoy do not even identify the specific rentals from Hertz they wish to put at issue, but instead assert only date ranges spanning up to five years in which those rentals allegedly took

---

[3] *See also U.S. ex rel. Obert-Hong v. Advocate Health Care*, 211 F. Supp. 2d 1045, 1049 (N.D. Ill. 2002) (finding Rule 9(b) meant to "eliminate the filing of a conclusory complaint as a pretext for using discovery to uncover wrongs") (citation omitted); *Suna v. Bailey Corp.*, 107 F.3d 64, 73 (1st Cir. 1997) ("We have repeatedly emphasized Rule 9(b)'s heightened pleading requirements because of our concern that plaintiffs will . . . engage in a fishing expedition for evidence on which to base their claims."); *U.S. ex rel. Harris v. George Washington Primary Care Assocs.*, 1999 WL 1021936, at *1 (D.C. Cir. Oct. 19, 1999) (prohibiting discovery fishing expedition for plaintiff's vague and unsubstantiated claims of wrongdoing) (unpublished); *Alpha Cooperative Enters. v. Frognet DSL, LLC*, 2005 WL 1629775, at *2 (S.D. Ohio July 5, 2005) (stating that Rule 9(b) "serves to protect a defendant from a plaintiff conducting a discovery fishing trip in a fraud case"); *U.S. ex rel. Harrington v. Sisters of Providence in Oregon*, 2001 WL 34041791, at *3 (D. Or. Dec. 21, 2001) (noting that "fishing expeditions" are improper under Rule 9(b)).

place. That lack of detail prevents Hertz from fairly defending itself and is insufficient to satisfy the requirements of Rule 9(b). Under these circumstances, a stay of discovery is required to prevent Plaintiffs from making an end run around the requirements of Rule 9(b). *See e.g.*, *CDW-Gov't, Inc.*, 2009 WL 720958, at *2; *Rolls-Royce Corp.*, 2007 WL 4557773, at *8; *Blue Cross Blue Shield of Georgia*, 755 F. Supp. 1040, 1051.

### III. The Court Should Not Permit Discovery While Hertz's Dispositive Motion To Dismiss Under Rule 12(b)(6) Is Pending.

In addition to the stay of discovery necessitated by the Motion to Compel Arbitration and the Motion to Dismiss Under Rule 9(b), a stay of discovery is also warranted because Hertz has a dispositive Rule 12(b)(6) motion pending. The Seventh Circuit has held that if a dispositive motion can be decided without discovery, a stay is warranted. *Williams v. Riegel*, 107 F.3d 874 (7th Cir. 1997); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("[S]tays [pending resolution of a motion to dismiss] are granted with substantial frequency. Indeed, some districts have a rule that prohibits discovery during the pendency of such a motion, and in some circuits, district courts have been advised to resolve a motion to dismiss before allowing discovery."). Accordingly, in this district, "[l]imitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted." *Cloverleaf Golf Course, Inc. v. FMC Corp.*, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011) (citing *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988)).

To the extent Plaintiffs argue that discovery should not be stayed because they believe Hertz's Motion to Dismiss will not be granted, that argument is baseless. The merits of a dispositive motion are not relevant as to whether a stay should be granted pending its resolution. *U.S. ex rel. Liotine v. CDW-Gov't, Inc.*, 2009 WL 720958, at *2 (S.D. Ill. March 18, 2009)

("Much of relator's response is devoted to a discussion of the merits of the motion to dismiss, which is not relevant to the issue now before the court [whether to grant a stay of discovery]."). Rather, what is relevant when deciding a motion to stay is whether—as here—the pending Rule 12(b)(6) motion presents a purely legal issue that can be decided without discovery. Allowing discovery on legal claims that should fail at the motion to dismiss stage "does nothing but waste the resources of the litigants" and "squander scarce judicial resources." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Indeed, "delaying ruling on a motion to dismiss . . . until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Id.* at 1368; *see Moore v. Potter*, 141 F. App'x 803, 807-08 (11th Cir. 2005) (noting that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible").

The need to enter a stay pending resolution of a dispositive motion is particularly acute in the context of putative class actions, where early resolution of motions to dismiss "may avoid expense for the parties and burdens for the court and may minimize use of the class action process for cases that are weak on the merits." Manual for Complex Litigation, Fourth, § 21.133; *see also Morrison v. YTB Int'l, Inc.*, 2010 WL 1931127, at *2 (S.D. Ill. May 13, 2010) (granting stay of discovery pending resolution of motion to dismiss based on "considerations of judicial economy and the interests of the parties, including Defendants' interest in not being put to the expense of responding to discovery on behalf of a nationwide class"); *Cemail v. Viking Dodge, Inc.*, 1997 WL 359962, at *1 (N.D. Ill. June 17, 1997) (granting stay of discovery in putative class action because "[i]f the motions to dismiss are granted those defendants will be spared the expense of discovery" and "[i]f they are denied plaintiffs will suffer only a brief delay"); *Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, 2008 WL 4964714,

10

at *10 (E.D. Wis. Nov. 14, 2008) (granting stay of discovery pending resolution of dispositive motion in putative class action because "any discovery conducted prior to issuance of the order would constitute needless expense and a waste of attorney time and energy").

While moving forward with discovery would cause potentially unnecessary burden and expense to Hertz, a temporary stay of discovery pending the outcome of Hertz's dispositive motions would not cause any prejudice to Plaintiffs. First, although a presumptive trial month has been set for April 2017, there is no discovery schedule in place that would be disrupted by a temporary stay, nor would a brief stay affect Plaintiffs' ability to litigate the case. Second, Plaintiffs' own litigation conduct demonstrates that they would not be prejudiced by a brief stay. Hertz first filed a motion under Rule 9(b) on July 15, 2015, requesting that Plaintiffs allege the necessary details required to support their claims. Rather than responding to Hertz's motion, Plaintiffs mooted the motion by filing the Amended Complaint, adding two additional plaintiffs (*i.e.*, March and Fennoy) and alleging even fewer details about their supposed transactions with Hertz than were alleged for Cooks and Bradley. Although Plaintiffs could have addressed the arguments that are presently at issue as early as July, they chose not to do so. The deficient Amended Complaint necessitated Hertz's filing of the motions that are presently pending before the Court, and thus, Plaintiffs will not be prejudiced by a temporary stay of discovery pending resolution of those motions. Because the cost and burden to Hertz in responding to potentially unnecessary discovery greatly outweighs any prejudice to Plaintiffs as a result of a brief delay, discovery should be stayed pending resolution of Hertz's dispositive motions.

## CONCLUSION

For the reasons set forth above, Hertz respectfully requests that the Court enter an Order staying all discovery in this case until it resolves Hertz's pending Motion to Compel Arbitration and Motion to Dismiss.

Dated:  January 19, 2016

Respectfully submitted,

By: /s/ John F. Ward, Jr.
William D. Heinz
Ross B. Bricker
John F. Ward, Jr.
Michael T. Werner
Jenner & Block LLP
353 N. Clark St.
Chicago, Il 60654
Tel: (312) 222-9350
Fax: (312) 840-7650
wheinz@jenner.com
rbricker@jenner.com
jward@jenner.com
mwerner@jenner.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I, Michael T. Werner, an attorney at the law firm of Jenner & Block LLP, certify that on January 19, 2016 the attached Motion to Stay Discovery was electronically served on counsel of record via the Court's CM/ECF system, including:

| | |
|---|---|
| Richard S. Cornfeld<br>1010 Market Street, Suite 1720<br>St. Louis, MO 63101<br>(314) 241-5799<br>(314) 241-5788 (fax)<br>rcornfeld@cornfeldlegal.com | Anthony S. Bruning<br>Anthony S. Bruning, Jr.<br>The Bruning Law Firm<br>555 Washington Ave., Suite 600<br>St. Louis, MO 63101<br>(314) 231-9600<br>aj@bruninglegal.com<br>abruning@bruninglegal.com |
| Richard S. Bender<br>David G. Bender<br>Jessica C. Gittemeier<br>ROSENBLUM GOLDENHERSH<br>7733 Forsyth Boulevard, Fourth Floor<br>St. Louis, MO 63105<br>(314) 726-6868<br>(314) 726-6786 (fax)<br>rbender@rgsz.com<br>dbender@rgsz.com<br>jgittemeier@rgsz.com | |

                            /s/ Michael T. Werner
                               Michael T. Werner