**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

DAWN COOKS, EMMA BRADLEY,           )
GAYLA FENNOY, AND                   )
CHRISTOPHER MARCH                   )
On behalf of themselves and all others similarly )
situated,                           )
                                    )   Case No. 3:15-cv-00652-NJR-PME
            Plaintiffs,             )
                                    )
        v.                          )
                                    )
THE HERTZ CORPORATION,              )
                                    )
            Defendant.              )

**THE HERTZ CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' AMENDED COMPLAINT**

Defendant The Hertz Corporation ("Hertz") respectfully submits this Answer and

Affirmative Defenses to Plaintiffs' Amended Complaint, and states as follows:

1.      Hertz admits that Plaintiffs' Amended Complaint asserts claims individually and

on behalf of purported Classes and Subclasses of Illinois and Missouri consumers who rented

cars from Hertz and who, in connection with their rentals, paid an Energy Surcharge or a Vehicle

Licensing Cost Recovery Fee.  Hertz admits that it has charged an Energy Surcharge and a

Vehicle License Cost Recovery Fee with respect to certain customers' rental transactions at

certain times in Illinois and Missouri.  Except as expressly admitted, Hertz denies the allegations

in Paragraph 1.

2.      Hertz denies the allegations in Paragraph 2.

3.      Hertz denies the allegations in Paragraph 3.

4.      Hertz denies the allegations in Paragraph 4.

5.      Hertz denies the allegations in Paragraph 5.

6.      Hertz asserts that because the claims of Dawn Cooks have been dismissed from this action, no response to the allegations in Paragraph 6 is required.

7.      On information and belief, Hertz admits that Plaintiff Emma Bradley is a resident of St. Louis County, Missouri.  Because Plaintiff Bradley has not alleged particularized or specific information regarding the dates of her alleged rental transactions with Hertz, Hertz is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and denies those allegations on that basis.  Hertz further states that it has records of one rental at Lambert-St. Louis International Airport by an "Emmalene Bradley" in June 2010, but Hertz is without knowledge and information sufficient to form a belief as to whether those records relate to the named Plaintiff in this case.

8.      On information and belief, Hertz admits that Plaintiff Gayla Fennoy is a resident of St. Louis County, Illinois.  Because Plaintiff Fennoy has not alleged particularized or specific information regarding the dates of her alleged rental transactions with Hertz, Hertz is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and denies those allegations on that basis.  Hertz further states that it has no records of any rental at any time in Illinois or Missouri by a "Gayla Fennoy."

9.      On information and belief, Hertz admits that Plaintiff Christopher March is a resident of Middletown, Maryland.  Because Plaintiff March has not alleged particularized or specific information regarding the dates of his alleged rental transactions with Hertz, Hertz is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and denies those allegations on that basis.  Hertz further states that it has records of two rentals in Illinois by a "Christopher March" in October 2013 and May 2014,

but Hertz is without knowledge and information sufficient to form a belief as to whether those records relate to the named Plaintiff in this case.

10.     Hertz admits the allegations in Paragraph 10.

11.     Hertz admits that the 2012 Annual Report of Hertz Global Holdings, Inc. contains information about its rental car businesses and brands, which is referenced incompletely and out of context in the allegations of Paragraph 11.  Hertz refers to that Annual Report in full for its true content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 11.

12.     Hertz admits that Plaintiffs purport to allege claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Except as expressly admitted, Hertz denies the remaining allegations in Paragraph 12.

13.     Hertz admits the allegations in Paragraph 13.

14.     Hertz admits the allegations in Paragraph 14.

15.     Hertz admits that this Court has personal jurisdiction over Hertz in connection with the above-captioned matter.  Hertz admits that it is registered to do business in Illinois and conducts business in Illinois.  Except as expressly admitted, Hertz denies the allegations in Paragraph 15.

16.     The allegation in Paragraph 16 is a legal conclusion to which an answer is neither necessary nor appropriate.  To the extent that a response is required, Hertz denies the allegation in Paragraph 16.

17.     Hertz admits that Plaintiffs purport to demand a jury trial for each Count in the Amended complaint, to the extent allowed by law.  Except as expressly admitted, Hertz denies the allegations in Paragraph 17.

18.     Hertz asserts that because the claims of Dawn Cooks have been dismissed from this action, no response to the allegations in Paragraph 18 is required.

19.     Hertz asserts that because the claims of Dawn Cooks have been dismissed from this action, no response to the allegations in Paragraph 19 is required.

20.     Hertz asserts that because the claims of Dawn Cooks have been dismissed from this action, no response to the allegations in Paragraph 20 is required.

21.     Hertz asserts that because the claims of Dawn Cooks have been dismissed from this action, no response to the allegations in Paragraph 21 is required.

22.     Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations on that basis.

23.     Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations on that basis.

24.     Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies those allegations on that basis.

25.     Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies those allegations on that basis.

26.     Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies those allegations on that basis.

1.     Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1[1] and therefore denies those allegations on that basis.

---

[1] The paragraph numbers in Plaintiffs' Amended Complaint duplicatively restart at Paragraph 1 following Paragraph 26. This occurs starting on pg. 5 of Plaintiffs' Amended Complaint. To minimize any further confusion, Hertz's Responses adopt and follow the numbering scheme in Plaintiffs' Amended Complaint.

2.      Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies those allegations on that basis.

3.      Hertz admits that Hertz.com, as it is currently configured, contains areas in which a potential customer may input his or her preferred vehicle rental Pickup Location, Pickup Date & Time, and Return Date & Time.  Hertz further admits that potential customers may choose to "Book as a Member" or to "Book as Guest" on Hertz.com and that following that choice they are taken to a page where they may choose their preferred rental vehicle among options provided (the "vehicle selection page").  Except as expressly admitted, Hertz denies the allegations in Paragraph 3.

4.      Hertz admits that the vehicle selection page on Hertz.com, as it is currently configured, allows potential customers to select between various sizes of rental vehicle, which may include "Compact 2 or 4 dr." and "Full Size 4 dr."  Hertz further admits that in certain circumstances, potential customers may be shown options to "Pay Now" or to "Pay Later." Hertz admits that the vehicle selection page on Hertz.com, as it is currently configured, displays the base rate for a potential customer's rental as well as the total approximate cost of the rental, including taxes and fees, but not including the additional cost of any potential rental changes or optional products that customers may subsequently choose at the commencement or during the pendency of the rental.  Except as expressly admitted, Hertz denies the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore denies those allegations on that basis.

6.      Hertz admits that after a potential customer selects a vehicle size on the Hertz.com vehicle selection page, the customer is taken to a page ("optional products selection page") where, as it is currently configured, the potential customer may select for a fee various Hertz optional products, which includes "Protect the Car – Loss Damage Waiver," "NeverLost® GPS," infant and child seats, and options for handicapped customers, among other things. Hertz admits that the vehicle selection page on Hertz.com, as it is currently configured, displays the base rate for the rental as well as the total approximate cost of the rental, including taxes and fees, but not including the additional cost of any potential rental changes or optional products that customers may subsequently choose at the commencement or during the pendency of the rental. Except as expressly admitted, Hertz denies the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 7, and therefore denies those allegations on that basis.

8.      The allegations in Paragraph 8 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 8, and therefore denies those allegations on that basis.

9.      The allegations in Paragraph 9 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 9, and therefore denies those allegations on that basis.

10.     Hertz admits that on Hertz.com, as it is currently configured, applicable fees are separately and expressly displayed on the optional products selection page and that a potential customer may click the question mark icon next to each fee to display a "Fees and Surcharges" pop-up window, which shows individual descriptions of those fees.  The remaining allegations in Paragraph 10 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 10, and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 10.

11.     Hertz admits that the fees described in the "Fees and Surcharges" pop-up window on Hertz.com, as it is currently configured, are listed alphabetically and that a potential customer may scroll down to see the description of a particular fee.  The remaining allegations in Paragraph 11 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 11, and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 11.

12.     Hertz denies the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 13, and therefore denies those allegations on that basis.

14.     Hertz admits that the Fees and Surcharges pop-up window on Hertz.com does not contain a definition of the term "etc."  Except as expressly admitted, Hertz denies the allegations in Paragraph 14.

15.     Hertz admits that the description of the Energy Surcharge displayed in the Fees and Surcharges pop-up window on Hertz.com was changed to read as follows:  "Separate and apart from the costs of fueling rental vehicles, energy costs represent a substantial portion of Hertz's operating expenses.  To offset the significant costs of utility charges, bus fuel, oil and grease, and related costs, Hertz is separately imposing an Energy Surcharge.  This charge is not intended to reflect a precise measure of Hertz's actual energy costs incurred to serve a particular customer."  Except as expressly admitted, Hertz denies the allegations in Paragraph 15.

16.     Hertz admits that the description of its Energy Surcharge on Hertz.com, as it is currently configured, matches the Energy Surcharge text shown in the image contained in Paragraph 16.  Except as expressly admitted, Hertz denies the allegations in Paragraph 16.

17.     Hertz admits that the Fees and Surcharges pop-up window on Hertz.com, as it is currently configured, contains a description of Hertz's Vehicle Licensing Cost Recovery Fee. Hertz admits that the Fees and Surcharges pop-up window on Hertz.com, as it is currently configured, uses the term "Vehicle Licensing Cost Recovery / Vehicle Licensing Fee."  Except as expressly admitted, Hertz denies the allegations in Paragraph 17.

18.     Hertz admits that at the Fees and Surcharges pop-up window on Hertz.com, as it is currently configured, under the title "Property Tax, Title/License Reimbursement / Vehicle Licensing Cost Recovery / Vehicle Licensing Fee / Recovery Surcharge," states:  "This fee is for Hertz' recovery of the proportionate amount of vehicle registration, licensing and related fees

applicable to a rental."  Except as expressly admitted, Hertz denies the allegations in Paragraph 18.

19.     Hertz admits that the out-of-context image shown in Paragraph 19 contains a paragraph entitled, "Property Tax, Title/License Reimbursement / Vehicle Licensing Cost Recovery / Vehicle Licensing Fee / Recovery Surcharge."  Except as expressly admitted, Hertz denies the allegations in Paragraph 19.

20.     Hertz denies the allegations in Paragraph 20.

21.     Hertz denies the allegations in Paragraph 21.

22.     Hertz admits that it first began charging an Energy Surcharge of $1.03 per rental on certain rentals in approximately October 2008.  Hertz admits that the articles cited in Paragraph 22 purport to contain information about Hertz's Energy Surcharge, which is referenced incompletely and out of context.  Hertz refers to those articles in full for their true content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 22.

23.     Hertz admits that in approximately July 2013, Hertz increased its Energy Surcharge for rentals in Illinois and Missouri from $1.03 per rental to $1.49 per rental.  Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 regarding the basis for Plaintiffs' beliefs and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 23.

24.     Hertz denies the allegations in Paragraph 24.

25.     Hertz admits that the cited October 2008 Bureau of Labor Statistics CPI Detailed Report addresses the topic of "inflation as experienced by consumers in their day-to-day living expenses," which is referenced incompletely and out of context in the allegations of Paragraph

25.  Hertz refers to the October 2008 Bureau of Labor Statistics CPI Detailed Report in full for its true content, meaning, and effect.  Hertz denies that the cited Report is an accurate reflection of the energy costs that Hertz incurred in 2008.  Except as expressly admitted, Hertz denies the allegations in Paragraph 25.

26.     Hertz admits that the cited October 2008 Bureau of Labor Statistics CPI Detailed Report addresses the topic of "inflation as experienced by consumers in their day-to-day living expenses," which is referenced incompletely and out of context in the allegations of Paragraph 26.  Hertz refers to the October 2008 Bureau of Labor Statistics CPI Detailed Report in full for its true content, meaning, and effect.  Hertz denies that the cited Report is an accurate reflection of the energy costs that Hertz incurred in 2008.  Except as expressly admitted, Hertz denies the allegations in Paragraph 26.

27.     Hertz admits that the cited October 2008 Bureau of Labor Statistics CPI Detailed Report addresses the topic of "inflation as experienced by consumers in their day-to-day living expenses," which is referenced incompletely and out of context in the allegations of Paragraph 27.  Hertz refers to the October 2008 Bureau of Labor Statistics CPI Detailed Report in full for its true content, meaning, and effect.  Hertz denies that the cited Report is an accurate reflection of the energy costs that Hertz incurred in 2008.  Except as expressly admitted, Hertz denies the allegations in Paragraph 27.

28.     Hertz denies the allegations in Paragraph 28.

29.     Hertz denies the allegations in Paragraph 29.

30.     Hertz admits that the cited 2013 Bureau of Labor Statistics CPI Detailed Reports addresses the topic of "inflation as experienced by consumers in their day-to-day living expenses," which are referenced incompletely and out of context in the allegations of Paragraph

30.  Hertz refers to the cited 2013 Bureau of Labor Statistics CPI Detailed Reports in full for their true content, meaning, and effect.  Hertz denies that the cited Reports are an accurate reflection of the energy costs that Hertz incurred in 2013.  Except as expressly admitted, Hertz denies the allegations in Paragraph 30.

31.     Hertz denies the allegations in Paragraph 31.

32.     Hertz admits that the cited Bureau of Labor Statistics CPI Detailed Reports address the topic of "inflation as experienced by consumers in their day-to-day living expenses," which are referenced incompletely and out of context in the allegations of Paragraph 32.  Hertz refers to the cited Bureau of Labor Statistics CPI Detailed Reports in full for their true content, meaning, and effect.  Hertz denies that the cited Reports are an accurate reflection of the energy costs that Hertz incurred between July 2008 and April 2015.  Except as expressly admitted, Hertz denies the allegations in Paragraph 32.

33.     Hertz admits that the cited Bureau of Labor Statistics CPI Detailed Reports address the topic of "inflation as experienced by consumers in their day-to-day living expenses," which are referenced incompletely and out of context in the allegations of Paragraph 32.  Hertz refers to the cited Bureau of Labor Statistics CPI Detailed Reports in full for their true content, meaning, and effect.  Hertz denies that the cited Reports are an accurate reflection of the energy costs that Hertz incurred between July 2008 and April 2015.  Except as expressly admitted, Hertz denies the allegations in Paragraph 33.

34.     Hertz denies the allegations in Paragraph 34.

35.     Hertz admits that the 2010 Annual Report of Hertz Global Holdings, Inc. contains information about its rental car businesses, which is referenced incompletely and out of context in the allegations of Paragraph 35.  Hertz refers to that Annual Report in full for its true

content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 35.

36.     Hertz admits that the 2012 Annual Report of Hertz Global Holdings, Inc. contains information about its rental car businesses, which is referenced incompletely and out of context in the allegations of Paragraph 36.  Hertz refers to that Annual Report in full for its true content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 36.

37.     Hertz denies the allegations in Paragraph 37.

38.     Hertz admits that Hertz Global Holdings, Inc. rents cars under Dollar and Thrifty brands.  Hertz admits that the 2014 Form 10-K for Hertz Global Holdings, Inc., identified in Paragraph 38, contains statements about its rental car business and brands which are referenced incompletely and out of context in Paragraph 38.  Hertz refers to the 2014 Form 10-K in full for its true content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 38.

39.     Hertz admits that, at the present time, the amount of its Energy Surcharge does not change based on the size or class of the vehicle or based on the length of the rental.  Except as expressly admitted, Hertz denies the allegations in Paragraph 39.

40.     The allegations in Paragraph 40 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 40, and therefore denies those allegations on that basis.

41.     The allegations in Paragraph 41 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and

accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the

truth of those allegations in Paragraph 41, and therefore denies those allegations on that basis.

42.     Hertz denies the allegations in Paragraph 42.

43.     Hertz denies the allegations in Paragraph 43.

44.     Hertz denies the allegations in Paragraph 44.

45.     Hertz denies the allegations in Paragraph 45.

46.     Hertz denies the allegations in Paragraph 46.

47.     Hertz denies the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 are legal conclusions to which an answer is

neither necessary nor appropriate.   To the extent that the legal conclusions in Paragraph 48 can

be construed as allegations of fact, Hertz denies them.

49.     The allegations in Paragraph 49 are legal conclusions to which an answer is

neither necessary nor appropriate.   To the extent that the legal conclusions in Paragraph 49 can

be construed as allegations of fact, Hertz denies them.

50.     Hertz denies the allegations in Paragraph 50.

51.     Hertz admits that the cited 2014 Form 10-K of Hertz Global Holdings, Inc.

contains information regarding the number of days per year its average car is rented, which is

referenced incompletely and out of context in the allegations of Paragraph 51.  Hertz refers to the

2014 Form 10-K in full for its true content, meaning, and effect.  Except as expressly admitted,

Hertz denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 regarding the requirements of the Illinois

Vehicle Code are legal conclusions, to which an answer is neither necessary nor appropriate.  To

the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.

Except as expressly admitted, Hertz denies the allegations in Paragraph 52.

53.     Hertz admits that the cited 2014 Form 10-K of Hertz Global Holdings, Inc.

contains information regarding the average holding period for its cars, which is referenced

incompletely and out of context in the allegations of Paragraph 53.  Hertz refers to the 2014

Form 10-K in full for its true content, meaning, and effect.  The allegations in Paragraph 53

regarding the requirements of the Illinois Vehicle Code are legal conclusions, to which an

answer is neither necessary nor appropriate.  To the extent those legal conclusions can be

construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies

the allegations in Paragraph 53.

54.     Hertz admits that the cited 2014 Form 10-K of Hertz Global Holdings, Inc.

contains information regarding the average holding period for its cars, which is referenced

incompletely and out of context in the allegations of Paragraph 54.  Hertz refers to the 2014

Form 10-K in full for its true content, meaning, and effect.  Except as expressly admitted, Hertz

denies the allegations in Paragraph 54.

55.     Hertz denies the allegations in Paragraph 55.

56.     The allegation in Paragraph 56 regarding the requirements of the Illinois Vehicle

Code is a legal conclusion to which an answer is neither necessary nor appropriate.  To the extent

that legal conclusion can be construed as an allegation of fact, Hertz denies it.  Hertz admits that

it does not incur precisely $526 or $262.50 in indirect costs per year to license and title each

single car in its fleet.  Except as expressly admitted, Hertz denies the allegations in Paragraph 56.

57.     Hertz denies the allegations in Paragraph 57.

58.     Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 58 related to Hertz's competitors, and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 58.

59.     Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 59 related to Hertz's competitors, and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 59.

60.     Hertz denies the allegations in Paragraph 60.

61.     Hertz admits that the cited 2014 Form 10-K of Hertz Global Holdings, Inc. contains information regarding its brands and management, which is referenced incompletely and out of context in the allegations of Paragraph 61.  Hertz refers to the 2014 Form 10-K in full for its true content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 61.

62.     Hertz denies the allegations in Paragraph 62.

63.     Hertz denies the allegations in Paragraph 63.

64.     Hertz admits that, in 2015, the amount of its Vehicle Licensing Cost Recovery Fee for rentals from its Missouri locations was 6.18% of the base charge for the rental.  Except as expressly admitted, Hertz denies the allegations in Paragraph 64.

65.     Hertz denies the allegations in Paragraph 65.

66.     Hertz admits that the cited 2014 Form 10-K of Hertz Global Holdings, Inc. contains information regarding the average holding period for its cars, which is referenced incompletely and out of context in the allegations of Paragraph 66.  Hertz refers to the 2014

Form 10-K in full for its true content, meaning, and effect.  The allegations in the first sentence of Paragraph 53 are legal conclusions, to which an answer is neither necessary nor appropriate. To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them. Except as expressly admitted, Hertz denies the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 are legal conclusions, to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 67.

68.     Hertz admits that the description in Hertz.com's Fees and Surcharges pop-up window, as it is currently configured, describes the Vehicle Licensing Cost Recovery Fee as follows:  "This fee is for Hertz' recovery of the proportionate amount of vehicle registration, licensing and related fees applicable to a rental."  The allegations in Paragraph 68 related to requirements imposed by Missouri statute are legal conclusions, to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 68.

69.     Hertz admits that the cited 2014 Form 10-K of Hertz Global Holdings, Inc. contains information regarding the number of days per year its average car is rented, which is referenced incompletely and out of context in the allegations of Paragraph 69.  Hertz refers to the 2014 Form 10-K in full for its true content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 69.

70.     The allegations in the first two sentences of Paragraph 70 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that

image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 70, and therefore denies those allegations on that basis.  Hertz denies the remaining allegations in Paragraph 70.

71.     Hertz denies the allegations in Paragraph 71.

72.     Hertz denies the allegations in Paragraph 72.

73.     Hertz admits that at the present time the amount of the Vehicle License Recovery Fee charged in connection with rentals from Hertz's Missouri locations is calculated as a percentage of the base rental rate and therefore may vary based on the class of car and other factors that affect the base rental rate of the vehicle.  The allegations in the third and fourth sentences of Paragraph 73 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 73, and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 74, and therefore denies those allegations on that basis.

75.     Hertz admits that, at the present time in Illinois and Missouri, it rents vehicles with horsepower ratings above 72.  Hertz is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 regarding the information provided by third-parties and denies those allegations on that basis.  The remaining allegations in Paragraph 75 are legal conclusions, to which an answer is neither necessary nor appropriate.  To the extent

those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 are legal conclusions, to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 76.

77.     Hertz denies the allegations in Paragraph 77.

78.     Hertz denies the allegations in Paragraph 78.

79.     Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 79 related to Hertz's competitors and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 79.

80.     Hertz denies the allegations in Paragraph 80.

81.     Hertz is without knowledge and information sufficient to form a belief as to the content displayed on the cited AMA website on April 30, 2015, and therefore denies the allegations in Paragraph 81 on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 81.

82.     Hertz admits that the cited webpage is published by the AMA and, at the present time, contains the following sentence:  "In this role, marketers are expected to embrace the highest professional ethical norms and the ethical values implied by our responsibility toward multiple stakeholders (e.g., customers, employees, investors, peers, channel members, regulators and the host community)."  Except as expressly admitted, Hertz denies the allegations in Paragraph 82.

83.     Hertz admits that the cited webpage is published by the AMA and, at the present time, contains the following sentences:  "As Marketers, we must . . . Foster trust in the marketing system.  This means striving for good faith and fair dealing so as to contribute toward the efficacy of the exchange process as well as avoiding deception in product design, pricing, communication, and delivery of distribution."  Except as expressly admitted, Hertz denies the allegations in Paragraph 83.

84.     Hertz denies the allegations in Paragraph 84.

85.     Hertz admits that at the present time, the Direct Marketing Association publishes a document in pdf form titled "Direct Marketing Association's GUIDELINES for Ethical Business Practice" at the cited webpage.  Except as expressly admitted, Hertz denies the allegations in Paragraph 85.

86.     Hertz admits that at the present time, the cited DMA Guidelines contains the quotes alleged in Paragraph 86.  Except as expressly admitted, Hertz denies the allegations in Paragraph 86.

87.     Hertz admits that at the present time, the cited DMA Guidelines contains the quotes alleged in Paragraph 87.  Except as expressly admitted, Hertz denies the allegations in Paragraph 87.

88.     Hertz admits that at the present time, the cited DMA Guidelines contains the quotes alleged in Paragraph 88.  Except as expressly admitted, Hertz denies the allegations in Paragraph 88.

89.     Hertz denies the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 90 can be construed as allegations of fact, Hertz denies them.

91.     The allegations in Paragraph 91 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 91 can be construed as allegations of fact, Hertz denies them.

92.     The allegations in Paragraph 92 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 92 can be construed as allegations of fact, Hertz denies them.

93.     The allegations in Paragraph 93 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 93 can be construed as allegations of fact, Hertz denies them.

94.     The allegations in Paragraph 94 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 94 can be construed as allegations of fact, Hertz denies them.

95.     Hertz denies the allegations in Paragraph 95.

96.     Hertz denies the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 97 can be construed as allegations of fact, Hertz denies them.

98.     The allegations in Paragraph 98 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 98 can be construed as allegations of fact, Hertz denies them.

99.     The allegations in Paragraph 99 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 99 can be construed as allegations of fact, Hertz denies them.

100.     The allegations in Paragraph 100 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 100 can be construed as allegations of fact, Hertz denies them.

101.     The allegations in Paragraph 101 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 101 can be construed as allegations of fact, Hertz denies them.

102.     The allegations in Paragraph 102 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 102 can be construed as allegations of fact, Hertz denies them.

103.     The allegations in Paragraph 103 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 103 can be construed as allegations of fact, Hertz denies them.

104.     Hertz denies the allegations in Paragraph 104.

105.     Hertz denies the allegations in Paragraph 105.

106.     Hertz denies the allegations in Paragraph 106.

107.     Hertz admits that at least since September 2013, all Hertz Rental Records, which are provided to Hertz customers (including customers who are members of Hertz's Gold Plus Rewards Program) at the commencement of their rentals have contained an arbitration provision which reads, in relevant part, as follows:

ARBITRATION   PROVISION:   THIS   AGREEMENT   REQUIRES ARBITRATION   OR   A   SMALL   CLAIMS   COURT   CASE   ON   AN

INDIVIDUAL BASIS, RATHER THAN JURY TRIALS OR CLASS ACTIONS. BY ENTERING INTO THIS RENTAL AGREEMENT, YOU AGREE TO THIS ARBITRATION PROVISION.

Except for claims for property damage, personal injury or death, ANY DISPUTES BETWEEN US MUST BE RESOLVED ONLY BY ARBITRATION OR IN A SMALL CLAIMS COURT ON AN INDIVIDUAL BASIS; CLASS ARBITRATIONS AND CLASS ACTIONS ARE NOT ALLOWED. YOU AND THE RESPECTIVE HERTZ COMPANY IDENTIFIED ON PAGE ONE OF THIS DOCUMENT (HEREINAFTER "HERTZ") EACH WAIVE THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION, EITHER AS A CLASS REPRESENTATIVE OR CLASS MEMBER. You and Hertz remain free to bring any issues to the attention of government agencies.

This Arbitration provision's scope is broad and includes, without limitation, any claims relating to any aspect of the relationship or communications between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory. It is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq.

In any arbitration under this Arbitration Provision, all issues are for the arbitrator to decide, including his or her own jurisdiction, and any objections with respect to the existence, scope or validity of this Arbitration Provision. The arbitration will take place in the county of Your billing address unless agreed otherwise.

The American Arbitration Association ("AAA") will administer any arbitration pursuant to its Commercial Dispute Resolution Procedures and the Supplementary Procedures for Consumer-Related Disputes (together, the "Rules"). You can obtain the Rules at www.adr.org.

* * *

The arbitrator may award injunctive relief as well as money, but only in favor of and as warranted by the claim of the individual party seeking relief. Judgment on the arbitral award may be entered in any court having jurisdiction. An arbitration award and any judgment confirming it apply only to the specific parties in that case and cannot be used in any other case except to enforce the award itself. The arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of representative or class action.

IF YOU DO NOT WISH TO AGREE TO THIS ARBITRATION PROVISION, YOU MUST NOTIFY US IN WRITING WITHIN 30 DAYS OF YOUR RECEIPT OF THIS AGREEMENT BY EMAILING US AT no.arbitration@hertz.com OR BY MAIL . . . . Include Your name, address, the number at the top of this Rental Record, and a clear statement that You do not agree to this Arbitration Provision. If you have previously notified Hertz of Your decision to opt out of arbitration, You do not need to do so again.

Except as expressly admitted, Hertz denies the allegations in Paragraph 107.

108      Hertz admits that Hertz's Gold Plus Rewards program is a customer loyalty program.  Hertz admits that Exhibit A contains the text of the Online Terms as of August 7, 2014, that are the terms and conditions which govern (a) enrollment in Hertz's Gold Plus Rewards Program (the "Enrollment Agreement Terms") and (b) rentals of vehicles using the Gold Plus Rewards Program by persons who enroll in the program as of August 7, 2014.  Hertz admits that the arbitration terms are not expressly stated in the Online Terms, but instead are incorporated by reference through the Rental Record, which is the document containing the arbitration provision that is provided to Hertz customers (including customers who are members of Hertz's Gold Plus Rewards Program) at the commencement of their rentals.  Except as expressly admitted, Hertz denies the allegations of Paragraph 108.

109.      Hertz admits that the text quoted in Paragraph 109 appears in the Online Terms dated August 7, 2014, attached to the Amended Complaint as Exhibit A, but refers to the complete document in full for the true content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 109.

110.      Hertz admits that the partial quote set forth in Paragraph 109 has been part of Hertz's Gold Plus Rewards Enrollment Agreement terms since prior to September 2013.  Except as expressly admitted, Hertz denies the allegations of in Paragraph 110.

111.      Hertz admits that the text quoted in Paragraph 111 was included in Hertz's Gold Plus Rewards Program Terms and Conditions as of December 3, 2012.  Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 111 regarding the "Wayback Machine", and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations of in Paragraph 111.

112.      Hertz denies the allegations in Paragraph 112.

113.    Hertz admits that potential customers may view certain terms and conditions on Hertz.com, as it is currently configured.  Hertz admits that at the present time, the arbitration agreement is not presented to non-Gold customers at the time of their reservation on Hertz.com, but instead is presented to non-Gold customers, and agreed to by non-Gold customers, when the customer signs a Rental Record at the rental counter at the commencement of the rental.  Except as expressly admitted, Hertz denies the allegations in Paragraph 113.

114.    Hertz admits that the arbitration agreement is not presented to non-Gold customers at the time of their reservation on Hertz.com, as it is currently configured, but instead is presented to non-Gold customers, and agreed to by non-Gold customers, when the customer signs a Rental Record at the rental counter at the commencement of the rental.  Except as expressly admitted, Hertz denies the allegations in Paragraph 114.

115.    Hertz admits that the vehicle selection page on Hertz.com, as it is currently configured, contains a linked page called "Rental Qualifications and Requirements." The remaining allegations in Paragraph 115 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 115, and therefore denies those allegations on that basis.

116.    Hertz admits that the Rental Qualifications and Requirements page on Hertz.com, as it is currently configured, links to various topics as shown on Hertz.com, which Hertz refers to in full for their true content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 116.

117.    Hertz admits that the Rental Qualifications and Requirements page is located on Hertz.com, as it is currently configured.  Hertz is without knowledge and information sufficient

to form a belief as to the search results that would be displayed by google.com to a particular user and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 117.

117.  118.  Hertz is without knowledge and information sufficient to form a belief as to the search results that would be displayed to a particular user by google.com and therefore denies the allegations in Paragraph 118 on that basis.

119.  Hertz admits that a webpage with a tab entitled "Rental Terms" is located on Hertz.com, as it is currently configured.  The remaining allegations in Paragraph 119 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 119, and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 119.

120.  Hertz admits that the words "arbitration" and "class actions" do not appear in the dropdown selections contained in the webpage described in Paragraph 119 on Hertz.com, as it is currently configured.  Except as expressly admitted, Hertz denies the allegations in Paragraph 120.

121.  Hertz admits that the vehicle selection page on Hertz.com, as it is currently configured, contains a link titled "Making Reservations – Legal."   Hertz admits that Exhibit B contains the text displayed on Hertz.com in the "Making Reservations – Legal" pop-up window, as it is currently configured.  The remaining allegations in Paragraph 121 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to

form a belief about the truth of those allegations in Paragraph 121, and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 121.

122.    Hertz admits that the screenshot depicted in Paragraph 121 contains the text "VEHICLE RENTAL RATE QUOTES, RESERVATIONS, AND PREPAYMENTS."

123.    Hertz admits that the text of the "Making Reservations – Legal" pop-up window on Hertz.com, as it is currently configured, contains subheadings, including "Hertz and you," "Rate Quotes," "Reservations," and "Rental Qualifications and Requirements."  Hertz admits that the block-quoted text in Paragraph 123 is shown on Hertz.com, as it is currently configured, in the "Making Reservations – Legal" pop-up window  under the heading, "Rental Qualifications and Requirements."  The remaining allegations in Paragraph 123 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 123, and therefore denies those allegations on that basis.  Except as expressly admitted, Hertz denies the allegations in Paragraph 123.

124.    Hertz admits that Paragraph 124 contains partial quotations and reference to the "Rental Qualifications and Requirements" in the "Making Reservations – Legal" pop-up window on Hertz.com, as it is currently configured.  Hertz refers to the full text of the those provisions for their true content, meaning, and effect.  Hertz denies that renters must agree to an arbitration provision or class action waiver in order to rent a vehicle from Hertz, because an opt-out provision is included.  Except as expressly admitted, Hertz denies the allegations in Paragraph 124.

125.    Hertz admits that Paragraph 125 contains partial quotations and reference to the "Making Reservations – Legal" popup window on Hertz.com, as it is currently configured. Hertz refers to the full text of those provisions for their true content, meaning, and effect.  Except as expressly admitted, Hertz denies the allegations in Paragraph 125.

126.    Hertz admits that Paragraph contains partial quotations and reference to the "Making Reservations – Legal" popup window on Hertz.com, as it is currently configured. Hertz refers to the full text of those provisions for their true content, meaning, and effect.  The remaining allegations in Paragraph 126 characterize, and base allegations on, an out-of-context image about which Hertz lacks information, including as to that image's authenticity and accuracy, and thus Hertz lacks knowledge and information sufficient to form a belief about the truth of those allegations in Paragraph 126, and therefore denies those allegations on that basis. Except as expressly admitted, Hertz denies the allegations in Paragraph 126.

127.    Hertz admits that the "Practical Consequences of Making a Confirmed or Standby Reservation" subsection of the "Making Reservations – Legal" pop-up window on Hertz.com, as it is currently configured, states, in part, that "confirmed and standby reservations for non-prepaid rentals of vehicles [are] subject to . . . willingness of renters to sign the document or documents comprising the rental agreement in the form presented by the Renting Company." Except as expressly admitted, Hertz denies the allegations in Paragraph 127.

128.    Hertz admits that its non-Gold Program renters are presented with and agree to a written Rental Record at the rental counter, which may be in the form of five multiple cards linked together, and which since at least September 2013 has contained the arbitration provision quoted in Hertz's Answer to Paragraph 107.  Hertz admits that its non-Gold Program customers

are required to sign the printed Rental Record before being provided with a rental car.  Except as expressly admitted, Hertz denies the allegations in Paragraph 128.

129.     Hertz admits that Exhibit C is a copy of the rental record that Dawn Cooks signed in connection with her April 20, 2015 rental, but denies that Exhibit C is an accurate portrayal of the size, clarity, or legibility of the text in Dawn Cooks's rental record.  Hertz admits that the first two cards contain the amounts she was charged, the third page is entitled, "Important Information Regarding Tolls," the fourth page contains, among other things, the arbitration provision described in Paragraph 107, and the fifth page contains, among other things, information regarding "telematics technology," liability insurance," and a signature line.  Except as expressly admitted, Hertz denies the allegations in Paragraph 129.

130.     Hertz admits that the screenshot contained in Paragraph 130 is a copy of the arbitration provision contained on page 4 of Dawn Cooks's April 20, 2015 rental record, but denies that the screenshot is an accurate portrayal of the size, clarity, or legibility of the text of the arbitration provision as it is displayed in Dawn Cooks's rental record.

131.     Hertz denies the allegations in Paragraph 131.

132.     Hertz denies the allegations in Paragraph 132.

133.     Hertz denies the allegations in Paragraph 133.

134.     Hertz denies the allegations in Paragraph 134.

135.     Hertz denies the allegations in Paragraph 135.

136.     Hertz admits that Plaintiffs purport to seek certification of the Classes and Subclasses described in Paragraph 136.  Hertz denies that any Plaintiff who agreed to waive his or her right to participate in a class action is permitted to seek certification or to participate in

any Class or Subclass.  Except as expressly admitted, Hertz denies the allegations in Paragraph 136.

137.     The allegations in Paragraph 137 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 137.

138.     The allegations in Paragraph 138 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 138.

139.     The allegations in Paragraph 139 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 139.

140.     The allegations in Paragraph 140 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 140.

141.     Hertz incorporates by reference its Answers to all preceding paragraphs of this Amended Complaint.

142.     Hertz denies the allegations in Paragraph 142.

143.     Hertz denies the allegations in Paragraph 143.

144.     Hertz denies the allegations in Paragraph 144.

145.     Hertz admits that Plaintiffs seek the judgment and relief described, but deny that they are entitled to that judgment or relief.

146.     Hertz incorporates by reference its Answers to all preceding paragraphs of this Amended Complaint.

147.     Hertz denies the allegations in Paragraph 147.

148.     Hertz denies the allegations in Paragraph 148.

149.     Hertz denies the allegations in Paragraph 149.

150.     Hertz admits that Plaintiffs seek the judgment and relief described, but deny that they are entitled to that judgment or relief.

151.     Hertz incorporates by reference its Answers to all preceding paragraphs of this Amended Complaint.

152.     The allegations in Paragraph 152 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 152.

153.     Hertz denies the allegations in Paragraph 153.

154.     Hertz denies the allegations in Paragraph 154.

155.     Hertz denies the allegations in Paragraph 155.

156.     Hertz admits that Plaintiffs seek the judgment and relief described, but deny that they are entitled to that judgment or relief.

157.     Hertz incorporates by reference its Answers to all preceding paragraphs of this Amended Complaint.

158.    The allegations in Paragraph 158 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.  Except as expressly admitted, Hertz denies the allegations in Paragraph 158.

159.    Hertz denies the allegations in Paragraph 159.

160.    Hertz asserts that because the claims of Dawn Cooks have been dismissed from this action, no response to the allegations in Paragraph 160 is required.

161.    Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegation in Paragraph 161 and therefore denies the allegation on that basis.

162.    Hertz denies the allegations in Paragraph 162.

163.    Hertz denies the allegations in Paragraph 163.

164.    Hertz admits that Plaintiffs seek the judgment and relief described, but deny that they are entitled to that judgment or relief.

165.    Hertz incorporates by reference its Answers to all preceding paragraphs of this Amended Complaint.

166.    Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 166 as they related to Plaintiffs Gayla Fennoy or Christopher March and therefore denies those allegations on that basis.  Hertz asserts that because the claims of Dawn Cooks have been dismissed from this action, no response to the allegations in Paragraph 166 regarding Dawn Cooks is required.

167.    Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 166 as they are related to Plaintiffs Gayla Fennoy or Christopher March and therefore denies those allegations on that basis.  Hertz asserts that

because the claims of Dawn Cooks have been dismissed from this action, no response to the allegations in Paragraph 167 regarding Dawn Cooks is required.  Further, the allegations in Paragraph 167 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent that the legal conclusions in Paragraph 167 can be construed as an allegation of fact, Hertz denies them.

168.     Hertz denies the allegations in Paragraph 168.

169.     Hertz denies the allegations in Paragraph 169.

170.     Hertz admits that Plaintiffs seek the judgment and relief described, but deny that they are entitled to that judgment or relief.

171.     Hertz incorporates by reference its Answers to all preceding paragraphs of this Amended Complaint.

172.     Hertz denies the allegations in Paragraph 172.

173.     Hertz denies the allegations in Paragraph 173.

174.     Hertz denies the allegations in Paragraph 174.

175.     Hertz admits that Plaintiffs seek the judgment and relief described, but deny that they are entitled to that judgment or relief.

176.     Hertz incorporates by reference its Answers to all preceding paragraphs of this Amended Complaint.

177.     Hertz denies the allegations in Paragraph 177.

178.     Hertz denies the allegations in Paragraph 178.

179.     Hertz denies the allegations in Paragraph 179.

180.     Hertz admits that Plaintiffs seek the judgment and relief described, but deny that they are entitled to that judgment or relief.

181.    Hertz incorporates by reference its Answers to all preceding paragraphs of this Amended Complaint.

182.    Hertz is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and therefore denies those allegations on that basis.

183.    The allegations in Paragraph 183 are legal conclusions to which an answer is neither necessary nor appropriate.  To the extent those legal conclusions can be construed as allegations of fact, Hertz denies them.

184.    Hertz denies the allegations in Paragraph 184.

185.    Hertz denies the allegations in Paragraph 185.

186.    Hertz admits that Plaintiffs seek the judgment and relief described, but deny that they are entitled to that judgment or relief.

187.    Hertz incorporates by reference its Answers to all preceding paragraphs of this Amended Complaint.

188.    Hertz admits that its customers' rental records contain the arbitration provision described in Hertz's Answer to Paragraph 107.  Except as expressly admitted, Hertz denies the allegations of Paragraph 188.

189.    Hertz denies the allegations in Paragraph 189.

190.    Hertz denies the allegations in Paragraph 190.

191.    Hertz admits that Plaintiffs seek the judgment and relief described, but deny that they are entitled to that judgment or relief.

## **AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**
**Lack of Standing (As Against Plaintiffs Bradley, Fennoy, and March)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lacks standing to assert each or any of the claims they bring in the Amended Complaint, either individually or in a representative capacity.

**SECOND DEFENSE**
**Equitable Estoppel (As Against Plaintiffs Bradley, Fennoy, and March)**

Plaintiffs are equitably estopped, in whole or in part, from recovering on each or any of the claims asserted in the Amended Complaint because Plaintiffs chose to rent from Hertz after being informed that they would be charged an Energy Surcharge and a Vehicle License Cost Recovery Fee.

**THIRD DEFENSE**
**Waiver (As Against Plaintiffs Bradley, Fennoy, and March)**

Plaintiffs waived, in whole or in part, any right to recover on each or any of the claims asserted in the Amended Complaint by voluntarily entering into and executing rental agreements which expressly disclosed the existence and amount of the Energy Surcharge and the Vehicle License Cost Recovery Fee, and because Plaintiffs accepted the terms in their rental agreements.

**FOURTH DEFENSE**
**Offset of Damages (As Against Plaintiffs Bradley, Fennoy, and March)**

Hertz is entitled to offset damages, if any, by benefits received by Plaintiffs from their rental transactions.

**FIFTH DEFENSE**
**Acquiescence (As Against Plaintiffs Bradley, Fennoy, and March)**

Plaintiffs are barred from recovering on any of the claims asserted in the Amended Complaint pursuant to the doctrine of acquiescence because they were fully informed of the full cost related to their rental transactions prior to entering into their rental agreements.

## SEVENTH DEFENSE
### Voluntary Payment (As Against Plaintiffs Bradley, Fennoy, and March)

Plaintiffs are barred from recovering on each and any of the claims in the Amended Complaint because of the voluntary payment doctrine.

## EIGHTH DEFENSE
### Class Treatment Inappropriate (As Against Plaintiffs Bradley, Fennoy, and March)

Plaintiffs' claims and allegations on behalf of the putative class are factually and legally inappropriate for resolution as a class action under Rule 23 of the Federal Rules of Civil Procedure.  Among other things, Plaintiffs' claims and allegations involve questions of law or fact that are not common to the putative class; Plaintiffs' claims are not typical of the claims of the putative class; and Plaintiffs will not fairly and adequately protect the interests of the putative class.

## NINTH DEFENSE
### Lack of Standing (As Against Members of Plaintiffs' Proposed Classes and Subclasses)

The claims of certain members of the putative Classes and Subclasses are barred, in whole or in part, because those members of the putative Classes and Subclasses lack standing to assert each or any of the claims identified in the Amended Complaint, either individually or in a representative capacity as a result of the arbitration provisions contained in their rental agreements.

## TENTH DEFENSE
### Equitable Estoppel (As Against Members of Plaintiffs' Proposed Classes and Subclasses)

Members of the putative Classes and Subclasses are equitably estopped, in whole or in part, from recovering on each or any of the claims asserted in the Amended Complaint to the extent those members (a) chose to rent from Hertz after being informed that they would be

charged an Energy Surcharge and/or a Vehicle License Cost Recovery Fee and chose to enter into their rental transactions

### ELEVENTH DEFENSE
### Waiver (As Against Members of Plaintiffs' Proposed Classes and Subclasses)

Members of the putative Classes and Subclasses waived, in whole or in part, any right to recover on each or any of the claims asserted in the Amended Complaint to the extent they voluntarily entered into and executed a rental agreement stating in relevant part the charges they would incur.

### TWELFTH DEFENSE
### Offset of Damages (As Against Members of Plaintiffs' Proposed Classes and Subclasses)

Hertz is entitled to offset damages, if any, by benefits received by members of the putative Classes and Subclasses from their Hertz rental transactions.

### THIRTEENTH DEFENSE
### Acquiescence (As Against Members of Plaintiffs' Proposed Classes and Subclasses)

Members of the putative Classes and Subclasses are barred from recovering on any of the claims asserted in the Amended Complaint pursuant to the doctrine of acquiescence because they were fully informed of the full cost related to the Energy Surcharge and the Vehicle License Cost Recovery Fee before paying the rental charges.

### FOURTEENTH DEFENSE
### Voluntary Payment (As Against Members of Plaintiffs' Proposed Classes and Subclasses)

Members of the putative Classes and Subclasses are barred from recovering on each and any of the claims asserted in the Amended Complaint because of the voluntary payment doctrine.

## FIFTEENTH DEFENSE
### Arbitration Provision (As Against Plaintiffs Bradley, Fennoy, and March)

Plaintiffs are barred from bringing their claims against Hertz through litigation to the extent that their alleged rental records contain an arbitration provision, which requires that any disputes be resolved only by arbitration or in a small claims court.

## SIXTEENTH DEFENSE
### Arbitration Provision (As Against Members of Plaintiffs' Proposed Classes and Subclasses)

Members of the proposed Classes and Subclasses are barred from bringing their claims against Hertz through litigation to the extent that their alleged rental records contain an arbitration provision, which requires that any disputes be resolved only by arbitration or in a small claims court.

## SEVENTEENTH DEFENSE
### Class Action Waiver (As Against Plaintiffs Bradley, Fennoy, and March)

Plaintiffs are barred from bringing their claims against Hertz on behalf of a class to the extent that their alleged rental records contain an arbitration provision, which waives Plaintiffs' right to participate in a class action, either as a class representative or a class member.

## EIGHTEENTH DEFENSE
### Class Action Waiver (As Against Members of Plaintiffs' Proposed Classes and Subclasses)

Members of the proposed Classes and Subclasses are barred from participating as members of a class action litigation against Hertz in connection with their rental transactions to the extent that their rental records contain an arbitration provision, which waives the rights of Hertz and its customers to participate in a class action, either as a class representative or a class member.

## RESERVATION OF RIGHTS

Hertz reserves the right to amend and/or supplement this Answer, including, without

limitation, to assert additional defenses.

Dated:  May 13, 2016                          Respectfully submitted,


                                    By: /s/ John F. Ward, Jr.
                                        William D. Heinz
                                        Ross B. Bricker
                                        John F. Ward, Jr.
                                        Michael T. Werner
                                        Jenner & Block LLP
                                        353 N. Clark St.
                                        Chicago, Il 60654
                                        Tel: (312) 222-9350
                                        Fax: (312) 840-7650
                                        wheinz@jenner.com
                                        rbricker@jenner.com
                                        jward@jenner.com
                                        mwerner@jenner.com

                                        *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I, Michael T. Werner, an attorney at the law firm of Jenner & Block LLP, certify that on May 13, 2016 the attached Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was electronically served on counsel of record via the Court's CM/ECF system.

/s/ Michael T. Werner
   Michael T. Werner