IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMMA BRADLEY, on behalf of herself and  )
all others similarly situated,           )
                                         )
    Plaintiff,                          )
                                         )
    v.                                  )    Case No. 3:15-cv-652-NJR-RJD
                                         )
THE HERTZ CORPORATION,                   )
                                         )
    Defendant.                          )

## ORDER

**DALY, Magistrate Judge:**

This is a proposed consumer class action in which Plaintiff Emma Bradley alleges that Defendant, The Hertz Corporation (hereinafter "Defendant" or "Hertz"), engaged in fraudulent business practices related to the assessment of certain fees for its automobile rental transactions.

This matter is now before the Court on Plaintiff's Motion for Leave to Submit Supplemental Expert Reports (Doc. 159). For the reasons set forth below, the Motion is **GRANTED**.

### RELEVANT BACKGROUND

On February 2, 2018, Plaintiff disclosed two experts for trial, Justin Regus and Bobby Calder, Ph. D., and produced their expert reports. Said disclosure was timely pursuant to the operative Scheduling and Discovery Order (Doc. 96). Following Plaintiff's expert disclosure, the Court granted Plaintiff's motion for leave to file a third amended complaint (Doc. 144). Plaintiff's Third Amended Complaint was filed on June 27, 2018 (Doc. 148). Plaintiff's Motion for Class Certification is pending (Doc. 171), as is Defendant's Motion for Summary Judgment (Doc. 175).

In the motion now before the Court, Plaintiff seeks leave to supplement her expert reports to address new allegations included in her Third Amended Complaint. Plaintiff contends these new allegations were based on recently disclosed information by Defendant regarding the calculation of the Energy Surcharge and Vehicle Licensing Cost Recovery ("VLCR") fee.

Defendant contends that Plaintiff's motion is untimely as it was filed well after the expert disclosure deadline and the May 18, 2018 discovery deadline. Defendant further contends that almost all of the "new allegations" referenced by Plaintiff are based on documents and information that were in the record for many months *before* Regus and Calder served their expert reports.

In support of its argument, Defendant asserts that Plaintiff first complained about Defendant's discovery responses on February 9, 2018, one week after serving her expert reports (*see* Doc. 163-26), despite having said responses in 2016. In Plaintiff's counsel's February 9, 2018 letter, counsel sought the formula and specific means by which Defendant calculated the amount of the Energy Surcharge and VLCR fees (*id.*). Counsel for Defendant responded on February 16, 2018, explaining that Defendant had produced documents in September 2016 showing its Energy Surcharge and VLCR calculations, referencing documents labeled HERTZ-CO-00000049-00000055.

On February 13, 2018, Plaintiff served a Rule 30(b)(6) deposition notice that contained various document requests (Doc. 163-28). Included in Defendant's response to these additional document requests was a reproduction of the Energy Surcharge spreadsheet and the seven VLCR spreadsheets in an *unprotected* format (Doc. 163-31). Defendant had previously produced these spreadsheets on September 12, 2016, but in a protected format. Plaintiff had not objected to said production until February 19, 2018. The Court also notes that it appears Defendant completed its document production in 2017 (although there is some discrepancy as to when in fact it was

completed as Defendant contends it completed document production in June 2017 and Plaintiff contends it was completed in October 2017).

In light of what Plaintiff characterizes as the disclosure of recently produced discovery, Plaintiff represents its experts must supplement the following allegations contained in the Third Amended Complaint, which was filed on June 27, 2018 (Doc. 148).

1. **Justin Regus**

    a. **Use of Inaccurate Estimates**. Plaintiff asserts that in calculating the amount of the Energy Surcharge in 2008, Hertz used projections for 2008 rather than actual costs, never revisited the estimates to see whether the projections had come true and, if it had done so, would have found that they had greatly overstated the actual 2008 costs.
    b. **Ignored estimates of price decline in 2009**. Plaintiff asserts that Hertz ignored estimates, set forth in its own SEC filings, that projected a fall in fuel prices of 42.5% in 2009; instead, it kept the Energy Surcharge at $1.03 based on the inaccurate 2008 projections, and then kept that level in place another four years without re-examining it.
    c. **Used non-energy related expenses.** Plaintiff asserts that a substantial portion of the costs that Hertz used in determining the surcharge were non-energy related expenses for tires on its rental cars, representing the second largest contribution to the supposed cost increase.
    d. **Mathematical mistake in 2013.** Plaintiff asserts that when Hertz increased the Energy Surcharge in 2013 it made a mathematical miscalculation in determining its gasoline costs.
    e. **Used costs in 2013 that were not in the 2008 analysis.** Plaintiff asserts that when Hertz increased the Energy Surcharge in 2013, it purported to compare its 2013 costs to its 2007-08 costs, but it threw in 2013 expenses for items that were not part of the earlier calculation, such as waste disposal and something called "liberty tire."
    f. **Non-energy costs in 2013.** Plaintiff asserts that Hertz included non-energy expenses, such as tire costs, that made up $14 million of the supposed 2013 cost increases.
    g. **Inclusion of non-licensing expenses.** Plaintiff asserts that the vast majority of the VLCR fee was attributed to non-licensing expenses such as county property taxes.
    h. **Overcharges.** Plaintiff asserts that even if non-licensing expenses could somehow be considered part of a "licensing cost recovery," Hertz consistently overcharged its customers.
    i. **Improperly reduced fees to customers who had not paid the overcharges**. Plaintiff asserts that Hertz purported to remedy its overcharges by reducing the fee in subsequent years by corresponding amounts, but those later fees were paid by different customers from the ones who made the overpayments and, in any event,

later customers were still overcharged.

   2. **Bobby Calder**

      a. **Omissions regarding the Energy Surcharge.** Plaintiff asserts that Bobby Calder's supplemental report will support their allegations that Hertz failed to tell consumers about the deficiencies cited above in regard to its Energy Surcharge, including Hertz basing this charge in substantial part on projected 2008 costs without a subsequent review to determine their accuracy.
      b. **Omissions regarding the VLCR.** Again, Plaintiff reiterates the deficiencies cited above that will also be supported by Bobby Calder, including Hertz's failure to tell consumers that only 12% of the VLCR actually recovered licensing costs and it generally resulted in an overcharge.

In its response to Plaintiff's motion, Defendant explains that each of the allegations identified above were not "new" and could have been included in Plaintiff's initial expert reports based on documents already in the record or with some minimal investigation by Plaintiff. Defendant also contends that the new opinions appear to be regurgitations of allegations made by Plaintiff's counsel.

In her reply, Plaintiff remarks that from March 2018 to May 2018 Defendant produced 33 Excel spreadsheets containing a total of 132 worksheets, as well as supplemental interrogatory answers with nine pages of explanations of how the fees were calculated. Plaintiff posits that these additional documents and responses revealed information that is the basis for the additional opinions and allegations mentioned above.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and provides that a party must provide expert reports "at the times and in the sequence that the court orders." A party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information

has not otherwise been made known to the other parties during the discovery process or in writing. FED. R. CIV. P. 26(e). The court in *Talbert v. City of Chi.*, 236 F.R.D. 415, 421 (July 10, 2006 N.D. Ill.) considered the supplementation mandate and remarked that:

> By mandating supplementation, Rule 26(e) seeks to prevent surprise at trial. Allowing, as a discretionary matter, the filing of a supplemental report that fully informs the recipient of the anticipated testimony of the expert accomplishes that very purpose. So long as that decision does not entail some greater harm to the opponent of the report, sound discretion would seem to counsel allowing the supplemental report to be filed.

Defendant submits that exclusion of Plaintiff's supplemental expert reports is necessary in this case given Plaintiff's lack of diligence in pursuing discovery and seeking to timely amend her reports. Defendant relies on *Sadler v. Int'l Paper Co.*, Civil Action No. 09-1254, 2014 WL 346119, (Jan. 30, 2014 W.D. La.), where the court refused to allow the plaintiff's experts to submit supplemental reports, positing that like the plaintiff in *Sadler*, Plaintiff here failed to move for an extension of the expert disclosure deadline and failed to raise timely objections to any perceived discovery deficiencies. Although the Court notes Defendant's concerns about the timeliness of Plaintiff's objections to its discovery responses that ultimately lead to document and discovery supplementation, there appears to be good cause for any delay by Plaintiff. Indeed, it appears that document production was not completed until June or October 2017, and Plaintiff notified Defendant of her objections in February 2018, prior to the close of discovery in May 2018. Plaintiff was not able to seek leave to supplement her reports prior to the close of discovery as the additional materials were not provided until about May 2018. Insofar as Defendant contends the additional documents and discovery responses had already been produced, the Court disagrees. In particular, the relevant spreadsheets were produced in an unprotected format, which, for the first time, provided the formula Defendant used for its fee calculations. There is no indication in the

record that these formulas had previously been produced. In any event, even if some of the materials had already been produced, such circumstance does not necessarily mean that supplementation is inappropriate. *See Talbert*, 236 F.R.D. at 421 ("It is not *always* necessary, then, that the supplement be based on information acquired after the initial report was disclosed; it is enough that a party learn the expert report was incomplete or incorrect in some material aspect.").

Moreover, there is good cause to allow Plaintiff to supplement her expert reports in this case in light of the filing of the Third Amended Complaint, which was also allowed after the close of discovery. The Court also finds that Defendant will not be prejudiced as Defendant's expert will also be provided an opportunity to supplement. Because the Court finds Plaintiff's request to supplement to be appropriate in this instance, it declines to require Plaintiff to pay Defendant's fees and costs. Insofar as Defendant contends that Mr. Calder's supplemental opinions are inadmissible, such arguments are better suited for consideration in a properly filed *Daubert* motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Submit Supplemental Expert Reports (Doc. 159) is **GRANTED**. Plaintiff shall serve her supplemental reports by **April 19, 2019**. Depositions of Plaintiff's experts, limited to their new opinions, must be taken by **May 17, 2019**. The parties are **ORDERED** to meet and confer concerning a proposed schedule for Defendant's expert, Sonya Kwon, to provide a supplemental report and sit for a deposition. The parties shall submit a proposed schedule by **April 19, 2019** to RJDpd@ilsd.uscourts.gov. If the parties are unable to agree on a proposed schedule, they must notify the chambers of the undersigned.

**IT IS SO ORDERED.**

**DATED: March 29, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**