IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMMA BRADLEY, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

THE HERTZ CORPORATION,

    Defendant.

Case No. 3:15-CV-652-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Amend Court's Order Compelling Arbitration filed by Dan Roehrs (Doc. 199) and the Motion for Reconsideration of the Court's Summary Judgment Order filed by Defendant The Hertz Corporation ("Hertz") (Doc. 205). For the reasons set forth below, both motions are denied.

## I. Motion to Amend Court's Order Compelling Arbitration

On September 29, 2017, the undersigned granted Hertz's motion to compel arbitration as to Plaintiff Dan Roehrs and dismissed Roehrs's claims without prejudice pending arbitration (Doc. 77). Nearly two years later, on August 28, 2019, Roehrs filed a motion asking the Court to amend its prior order to stay his action rather than dismiss it. Roehrs notes that, although the Court's arbitration order was entered "some time ago," his attorneys have been engaging in fact and expert discovery since then, and he is now ready to institute an arbitration proceeding.

Hertz opposes the motion, arguing that Roehrs has taken no action to initiate arbitration in the two years since the Court's order. Furthermore, Roehrs never requested that the Court stay his claim in the event the Court granted Hertz's motion to compel arbitration, and he has presented no reason for the Court to revise its ruling now.

Motions to reconsider an interlocutory order are properly brought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that an order adjudicating fewer than all the claims among the parties "may be revised at any time" before the entry of a final judgment. FED. R. CIV. P. 54(b). Motions to reconsider under Rule 54(b) serve a limited function: to correct manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

"A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). A motion to reconsider is only proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* at 1192 (citation omitted).

Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing. *Wiegel v. Stork Craft Mfg., Inc.*, 891 F. Supp. 2d 941, 944 (N.D. Ill. 2012) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251

(7th Cir. 1987)); *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (motion for reconsideration cannot "serve as the occasion to tender new legal theories for the first time") (citation omitted).

Here, not only did Roehrs fail to suggest that the Court stay his case rather than dismiss it without prejudice in his original briefing, he also has not pointed to any manifest error of law or fact that would require the Court to reconsider its order. True, the Seventh Circuit has instructed courts to stay proceedings rather than dismiss an action when a party seeks to invoke an arbitration clause. *See Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008). "But that general approach has given way in cases where the entire dispute clearly will be decided in arbitration and thus there is no reason to hold on to the case." *Wallace v. Grubhub Holdings Inc.*, No. 18 C 4538, 2019 WL 1399986, at *6 (N.D. Ill. Mar. 28, 2019). "Although it has not expressed outright approval of this approach, the Seventh Circuit has repeatedly affirmed dismissals where the entirety of the action must be resolved in arbitration." *Id.* (collecting cases); *see also Employers Ins. of Wausau v. Cont'l Cas. Co.*, No. 15-CV-226-WMC, 2016 WL 632642, at *3 (W.D. Wis. Feb. 17, 2016) (recognizing exception and dismissing case without prejudice where "there is nothing for the court to decide unless and until a party seeks confirmation of or challenges the arbitrators' award") (citation omitted). And while Roehrs suggests that the exception does not apply here because dismissal of his claims did not dispose of the entire case such that there is a final, appealable order, he could have requested that the Court certify its Order as final and appealable under Rule 54(b). He did not.

Because all of Roehrs's claims were subject to arbitration, there is nothing left for the Court to decide with regard to his claims unless and until a party seeks confirmation of or challenges the arbitrators' award. Accordingly, the Court finds it made no manifest error of law or fact, and Roehrs's Motion to Amend Court's Order Compelling Arbitration (Doc. 199) is **DENIED**.

II.   **Motion for Reconsideration of the Court's Summary Judgment Order**

On August 22, 2019, the Court granted summary judgment, in part, to Hertz but left intact Plaintiff Emma Bradley's claims in Counts III and VI that Hertz engaged in unfair practices under the Missouri Merchandising Practices Act by improperly calculating and persistently overcharging customers with regard to its Energy Surcharge and Vehicle Licensing Cost Recovery fee.

Hertz now moves for reconsideration of the Court's Order denying its motion for summary judgment as to Count VI of the Third Amended Complaint—Bradley's claim that Hertz committed an unfair practice with regard to the calculation of its VLCR fee (Doc. 197).[1] Hertz contends that its motion is necessitated by a significant change in the basis for Bradley's unfair practices claim, as well as admissions made by Bradley's expert. Specifically, Hertz claims that until the Court's order on summary judgment, it understood Bradley's unfair practices claim to be based entirely on Hertz's representation about the VLCR on its website. Hertz then states, "the Court's decision made clear that Plaintiff's unfair practices claim is about the actual miscalculation of the fees, not Hertz's

---

[1] The Court applies the same legal standard for reconsideration of an interlocutory order under Rule 54(b) as discussed *supra*.

representations regarding what the fees pay for." (Doc. 205 at p. 2) (internal quotation omitted). And because Bradley's expert has opined that she did not pay more than she should have for the VLCR when property taxes are included in the calculation, judgment as a matter of law should be granted to Hertz on Count VI.

Hertz's motion implies, rather bluntly, that *the Court* reframed Bradley's unfair practices claim as alleging the VLCR was unfairly miscalculated when Hertz previously understood Bradley to be arguing that the VLCR description on the Hertz website was unfair (Doc. 205 at p. 5). This leads the Court to wonder if Hertz even read the Third Amended Complaint (Doc. 148). The Court did not shift or alter the nature of Bradley's claim. As far back as her motion seeking leave to file the Third Amended Complaint, Bradley explained:

> Until now Plaintiff's claim of unfair practices was based on the allegation that Hertz violated ethical principles "because it has not clearly, honestly and completely described the exact nature of its extra charges." Sec. Am. Comp., ¶ 145. The allegations in the proposed Third Amended Complaint go beyond that to allege that these fees are unethical and unfair, not just because of the way Hertz represents them, but because of the way it calculates them.

(Doc. 135 at p. 18).

Yet, Hertz chose to argue on summary judgment that Bradley simply "repackage[d]" her deceptive practices claim as an unfair practice in an effort to avoid the causation requirement of the MMPA (Doc. 175 at pp. 23-24). Hertz claims it chose not to make any argument that Missouri law permits property taxes to be included in the VLCR because it did not understand Bradley to be making that argument. Based on the allegations in the Third Amended Complaint (Doc. 148 at ¶¶ 87-107) and Bradley's

response to Hertz's summary judgment motion,[2] that's a tough argument for the Court to accept. Because Hertz could have made these arguments in its original briefing, the Court declines to reconsider its summary judgment Order on this basis.

Hertz further argues that reconsideration is warranted because the undisputed evidence now demonstrates that Bradley was not harmed by any purported VLCR overcharges. Hertz asserts that Bradley's expert, Justin Regus, concluded in his April 2019 supplemental expert report (Doc. 208) and June 2019 deposition that Bradley suffered no ascertainable loss and incurred no harm from the imposition of a VLCR that included property taxes. Because this information came to light after summary judgment briefing had concluded, Hertz argues, and because it undermines the basis for Bradley's unfair practices claim as to the VLCR, reconsideration of the Court's decision as to Count VI is warranted.

In response, Bradley contends that Hertz has misrepresented Mr. Regus's calculations and, in any event, Mr. Regus relied on Hertz's own document and records to come to his conclusions. Thus, Hertz could have made the same calculation itself and supported its motions with that evidence—but it didn't.

The Court agrees with Bradley. Hertz is making arguments the Court would have expected to see in its motion for summary judgment, along with supporting evidence—not on reconsideration. *See Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir.

---

[2] In response to Hertz's motion, Bradley stated: "Plaintiff's unfair practice claims, however, relate to the miscalculation of the fees – such as including a large mathematical mistake, the inclusion of inaccurate estimates, the comparison of apples to oranges, the unfair allocation of fees among customers, the failure to compensate customers for overcharges, and the like – not what it said about them." (Doc. 176 at p. 24).

2003) ("[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."). The Court did not issue its summary judgment order until August 2019. If Hertz really wanted the Court to consider Mr. Regus's conclusions, it could have filed a motion for leave to submit supplemental briefing. Alternatively, Hertz could have supplied its own evidence in support of its summary judgment motion. It does not get a second bite at the apple simply because it claims to have misunderstood Bradley's allegations the first time around.

For these reasons, Hertz's Motion for Reconsideration of the Court's Summary Judgment Order (Doc. 205) is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 31, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**